IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02460–PAB–KMT

TAMITHY GUTHRIE,

    Plaintiff,

v.

JOSE CUELLAR,
TOKHIR KASIMOV, and
ZARA LOGISTICS, INC.,

    Defendants.

## ORDER

The matter before the court is the parties' "Joint Motion to Add Indispensible Party Pursuant to F.R.C.P. 19." (Doc. No. 23 [Mot.], filed Oct. 1, 2015.) The parties caption this motion as an effort to join an indispensible party but, in actuality, their argument is made pursuant to Fed. R. Civ. P. 19(a)(2) concerning parties required to be joined and seeking a court order to join an involuntary plaintiff.

This case arose out of a vehicle collision on Interstate 70. (Doc. No. 1 [Compl.] at 1–2, filed Sept. 4, 2011.) Plaintiff alleges that Defendant Cuellar, while driving a semi-truck during the course of his employment that was owned by his employers, Defendants Kasimov and Zara Logistics, Inc., struck Plaintiff's vehicle, causing her severe injury. (*Id.*) Plaintiff alleges that Defendants' negligence is responsible for the collision. (*Id.*) The parties now inform the court that Cuellar also struck Ms. Moretz's vehicle during the same collision. The parties now argue,

more than seven months after the court's joinder deadline (*see* Doc. No. 12 at 9), that Ms. Moretz is a party whose absence from the lawsuit would affect Plaintiff's interests and subject Defendants to potentially inconsistent obligations.  (Mot. at 1, 4.)

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of required parties to a lawsuit.  Rule 19(a) requires the Court to "first determine whether the absent party is necessary to the lawsuit and, if so, whether joinder of the absent party is feasible."  *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999).

A party is required if "in that person's absence, the court cannot accord complete relief among existing parties;" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1).

Joinder of a required party is not feasible when it would destroy the Court's diversity jurisdiction.  *Id.*; *See, e.g.*, *United Fin. Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2012 WL 7800838, at *6 (D. Colo. Oct. 12, 2012) ("[N]aming John Doe defendants in a Section 1332 action without identifying their citizenship destroys diversity jurisdiction.") (adopted by *United Fin. Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2013 WL 1191392, at *4 (D. Colo. Mar. 21, 2013)).

Only if the court finds that a party is both required pursuant to Section 19(a) and that joinder of that required party is not feasible for other reasons, would the Court be required to

determine whether the required party is "indispensible" pursuant to Rule 19(b).[1]  *Davis*, 192 F.3d at 959.

Parties are indispensible when, "in equity and in good conscience," the action cannot proceed without them.  *Id.*; Fed. R. Civ. P. 19(b).  When evaluating a party's indispensability under Rule 19(b), the factors that the court should consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  By definition, the absence of an indispensible party from the suit requires the suit's dismissal.  *Davis*, 192 F.3d at 959.

First, the parties have failed to assert Ms. Moretz's citizenship for the purposes of demonstrating the Court's continued diversity jurisdiction over the matter if she would to be joined as an involuntary plaintiff.  The court is therefore without facts to determine whether Ms. Moretz's joinder is feasible without destroying diversity under 28 U.S.C. § 1332, even if she is a required party.

Further, none of the parties' pleadings mention Ms. Moretz, at least not by name.  (*See generally* Compl.; Doc. No. 9 [Answer], filed Nov. 3, 2014).  The parties have not tendered any proposed amended pleadings.  The parties' conclusory statement that "it is imperative that all parties' interest be determined in the subject action to avoid any inconsistent obligations or risks

---

[1] The Rule itself does not use the term "indispensable."

to the defendants" is not supported by any facts or argument in the record.  (Mot. at 3.)  The parties' bare allegation that "Plaintiff Guthrie's ability to protect her interests is impacted by the absence of Ms. Moretz and the presentation of her claims for relief" is similarly unsupported by any facts or argument.  (*Id.*)  Although the parties contend that the court cannot "accord complete relief among the existing parties" without Ms. Moretz because her "claims are so situated and intertwined in the subject action that the failure to include those claims leaves the defendants potentially subject to multiple claims or otherwise inconsistent obligations" (*id.*), the parties never explain why the court would be unable to accord complete relief among the parties in her absence or why her absence subjects Defendants to potentially inconsistent obligations.  The court, on the face of the motion, sees no reason why Ms. Moretz cannot bring her own separate case against Defendants should that be her desire, or why Defendants would be prejudiced as a result.  Without additional facts and elaboration, these merely conlcusory statements are insufficient to demonstrate that Ms. Moretz is a required party to the lawsuit under R. 19(a).

Finally, the parties have also failed to provide good cause to ignore the court's joinder deadline to seek to involuntarily join Ms. Moretz.

It is therefore

**ORDERED** that the parties' "Joint Motion to Add Indispensible Party Pursuant to F.R.C.P. 19" (Doc. No. 23) is **DENIED** without prejudice.

Dated this 22nd day of October, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4