IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02460–PAB–KMT

TAMITHY GUTHRIE,

      Plaintiff,

v.

JOSE CUELLAR,
TOKHIR KASIMOV, and
ZARA LOGISTICS, INC.,

      Defendants.

---

## ORDER

---

      This matter is before the court on Proposed Plaintiff-Intervenor Richard Green's "Motion to Intervene as Plaintiff." (Doc. No. 43 ["Mot."].) Mr. Green seeks to intervene as a plaintiff, pursuant to Fed. R. Civ. P. 24(b)(1)(B), based on his contention that he has a claim that shares a common question of law or fact with the Plaintiff's claims herein.

      This case arose out of a vehicle collision on Interstate 70. (Doc. No. 1 at 1–2.) Plaintiff alleges that on February 13, 2014, Defendant Cuellar, while driving a semi-truck during the course of his employment that was owned by his employers, Defendants Kasimov and Zara Logistics, Inc., struck Plaintiff's vehicle, causing her severe injury. (*Id*.) Mr. Green contends that after Defendant Cuellar's semi-truck struck Plaintiff's vehicle, it continued to collide with another vehicle, which then in turn collided with Mr. Green's vehicle. (Mot. at 2.) Mr. Green

requests to intervene in this action because the questions of law, facts and witnesses related to Plaintiff's claims will be the same as any action Mr. Green initiates to pursue his own claims. (*Id.*)

By its terms, Rule 24 only permits "*timely* intervention." Fed. R. Civ. P. 24(b)(1) (emphasis provided). Mr. Green's request to intervene comes extremely late in this litigation. Plaintiff initiated this action on September 4, 2014 and the Final Pre-Trial Conference was held today. Due to the late nature of Mr. Green's attempt to intervene, he did not participate in the preparation of the proposed Pre-Trial Order nor the Final Pre-Trial Conference.[1]

"Timeliness [of a request to intervene] is assessed 'in light of all of the circumstances,' including: (1) 'the length of time since the applicant knew of his interest in the case,' (2) 'prejudice to the existing parties,' (3) 'prejudice to the applicant,' and (4) 'the existence of any unusual circumstances.'" *Porter v. Graves*, 597 F. App'x. 964, 967 (10th Cir. 2014) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)). In spite of the fact that in the previous order denying Mr. Green's request to intervene, the court specifically raised its concern regarding the late nature of his request, *see* Doc. No. 41, he has not addressed any of these factors or the timeliness of his Motion, in general. Based on the current record, the court finds that Mr. Green's request is not timely.

Accordingly, it is

**ORDERED** that proposed Plaintiff Intervenor Richard Green's "Motion to Intervene as Plaintiff" (Doc. No. 43) is **DENIED WITHOUT PREJUDICE** to re-filing. Should Mr. Green

---

[1] The court notes that during the Final Pre-Trial Conference, Plaintiff's counsel confirmed that he has been unable to confer with Mr. Green's counsel regarding the request to intervene. As a result, Plaintiff could not state affirmatively whether she would object to the same.

choose again to move to intervene in this action, he should explain why the court should consider the request timely under Fed. R. Civ. P. 24(b)(1)(B).  Additionally, Mr. Green's First Intervenor Complaint (Doc. No. 42) is **STRICKEN** as it does not contain the proper caption, as noted in the court's previous Order, *see* Doc. No. 41, and pursuant to ECF Filing Procedures § 4.6(b), is improperly filed as a separate pleading.

Dated March 15, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge