IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02460-PAB-KMT

TAMITHY GUTHRIE,

    Plaintiff,

v.

JOSE CUELLAR,
TOKHIR KASIMOV, and
ZARA LOGISTICS, INC.,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Opposition to Defendants' Joint Notice of Withdrawal of Jury Demands [Docket No. 75]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    On September 4, 2014, plaintiff filed her complaint seeking relief for injuries arising out of a motor vehicle accident. Docket No. 1. The complaint does not request a jury trial. On October 2, 2014, defendants Tokhir Kasimov and Zara Logistics, Inc. filed their answer and jury demand. Docket No. 8. On November 3, 2014, defendant Jose Cuellar filed his answer and jury demand. Docket No. 9. On December 16, 2016, the defendants filed a joint notice of withdrawal of jury demands. Docket No. 72. Plaintiff filed a brief in opposition to defendants' notice of withdrawal of jury demands, Docket No. 75, and defendants Kasimov and Zara have filed a response. Docket No. 76.

Under Federal Rule of Civil Procedure 38(d), a "proper [jury] demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). As demonstrated by her opposition brief, plaintiff does not consent to defendants' withdrawals of their jury demands. Docket No. 75 at 2. Nevertheless, defendants argue that plaintiff has waived her right to a jury trial under Fed. R. Civ. P. 81(c)(3)(A), which provides special rules for jury demands in removed cases. Rule 81(c) applies to "a civil action after it is removed from a state court." While plaintiff initially filed her claims in the District Court for Adams County, Colorado, Docket No. 76-1 at 1-5, plaintiff dismissed that case on September 3, 2014. Docket No. 76-1 at 13-15. Defendants Kasimov and Zara argue that, given plaintiff's dismissal of the Adams County case, plaintiff's filing of this case constitutes "constructive" removal and that Rule 81(c) should therefore apply. Docket No. 76 at 3, ¶ 10. Defendants cite no authority for interpreting Rule 81(c) to apply to "constructive" removals. As a factual matter, this case was not removed and, as such, the Court finds that Rule 81(c) does not apply.

The Court finds that Fed. R. Civ. P. 38 applies to the jury demand in this case. Defendants made proper jury demands when they filed their answers. Plaintiff does not consent to the withdrawal of the jury demands and therefore they may not be withdrawn. Fed. R. Civ. P. 38(d); *see also* 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2318 (3d ed.) ("Rule 38(d) establishes that [a jury demand] cannot be withdrawn without the consent of all parties. This is necessary to protect the reliance that other parties may be placing on the demand."). Accordingly, it is

**ORDERED** that plaintiff's Opposition to Defendants' Joint Notice of Withdrawal of Jury Demands [Docket No. 75] prevents defendants' withdrawal of their jury demands in this case.

DATED January 30, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge